UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL NETTER,<br>    Plaintiff,<br><br> -vs-<br><br>JoANNE B. BARNHART, Commissioner of<br> Social Security,<br>    Defendant. | 02-CV-0691E(F)<br><br>MEMORANDUM<br><br>and<br><br>ORDER[1] |

## BACKGROUND

On September 25, 2002 plaintiff Michael Netter ("Netter") commenced the instant action seeking review of the final determination of the Commissioner of Social Security denying his application for disability benefits. On June 8, 2006 Magistrate Judge Leslie G. Foschio issued a Report and Recommendation in which he concluded that the Administrative Law Judge's ("ALJ") decision denying benefits was supported by substantial evidence and that the Commissioner's Motion for Judgment on the Pleadings should be granted.

Currently pending before the Court are Netter's objections to the Report and Recommendation.

## DISCUSSION

An ALJ's determination as to eligibility for benefits must be upheld if it is supported by "substantial evidence." Such is defined as "more than a mere scintilla.

---

[1]This decision may be cited in whole or in any part.

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co.* v. *National Labor Relations Bd.*, 305 U.S. 197, 229 (1938)).

This Court conducts a *de novo* review of the portions of a Report and Recommendation to which specific, written objections have been filed. *See* 28 U.S.C. §636(b)(1); Rule 72 of the Federal Rules of Civil Procedure ("FRCvP"). If a party fails to object to a portion of a Report and Recommendation, further review is generally precluded. *See Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (*citing Small* v. *Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Furthermore, when the objections are not specific in nature and merely reiterate the arguments made before the Magistrate Judge, the Court reviews the Report and Recommendation only for clear error. *Camardo* v. *Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-81 (W.D.N.Y. 1992).

Netter objects to the Report and Recommendation, arguing (1) that the Commissioner and the Magistrate Judge applied the wrong legal standards for assessing his credibility; (2) that the Commissioner and the Magistrate Judge erred by failing to give controlling weight to the conclusions of his treating physician; and (3) that the Commissioner and the Magistrate Judge failed to properly analyze the record — specifically, reports from Netter's physical therapist — in concluding that the ALJ's finding was supported by substantial evidence. The Commissioner argues in opposition that the Commissioner, the ALJ and the Magistrate Judge utilized the

proper standards of review and that there exists substantial evidence in the record supporting the ALJ's determination that Netter was not disabled.

Netter first argues that the ALJ impermissibly found him to be lacking credibility due to his prior criminal record which consists of a 1974 conviction and 6-year incarceration for an armed robbery committed when Netter was 18 years old. Upon a review of the record, the Court concludes — as did the Magistrate Judge — that while Netter's prior criminal history was a consideration for the ALJ, the ALJ also relied on inconsistencies in Netter's testimony at the hearing in concluding that Netter version of events could not be fully credited.  As the Magistrate Judge noted, Netter denied that his orthopedic surgeon[2], Dr. Anthony M. Leone, told him that he was not totally disabled.  Such is directly contradicted by Dr. Leone's own examination notes in which he stated that he told Netter that he was not totally disabled.  Netter also stated that Dr. Leone told him that he needed cervical surgery, but recommended against it.  The record revealed that Dr. Leone recommended only conservative treatment and indicated that surgery was a last resort.[3]

Thus, there was substantial evidence in the record to support the ALJ's and the Magistrate Judge's assessments of the weight due Netter's subjective complaints.

---

[2] Netter was referred to the orthopedist by his treating physician, Dr. Sylvia Regalla.

[3] Some of Netter's other allegations — pertaining to sleep apnea, difficulty using his hands and his level of pain — were also unsupported by the record.

Netter next argues that the ALJ and the Magistrate Judge erred by failing to give controlling weight to the opinion of his treating physician — Dr. Regalla — that he was totally disabled. Netter asserts that Dr. Regalla's opinions were supported by her clinical findings and were not contradicted by other medical evidence and therefore should have been controlling in the ALJ's analysis.

The Court does not find error in the ALJ's or in the Magistrate Judge's determination not to accord controlling weight to Dr. Regalla's conclusion that Netter is totally disabled. As the ALJ noted, Dr. Regalla referred Netter to Dr. Leone specifically for treatment of his cervical spine complaints. As an orthopedic surgeon and as Netter's treating physician with respect to this ailment, Dr. Leone's opinion is entitled to great weight. The ALJ also noted several deficiencies in the clinical data relied upon by Dr. Regalla. The Court denies Netter's second objection.

Finally, Netter argues that the ALJ and Magistrate Judge erred by failing to consider all of the relevant medical evidence, particularly, the most recent reports from his physical therapist.[4] Both the ALJ and the Magistrate Judge noted that Netter had received physical therapy as late as February 2002. The Magistrate Judge also noted that the therapist indicated that Netter's condition improved with treatment and that he ceased seeking treatment in January 2002, despite her repeated attempts to schedule an appointment for him. Thus, both the ALJ and the

---

[4]Netter's objections refer to a July 12, 2001 evaluation. The evaluation Netter refers to, however, was conducted on September 12, 2001.

Magistrate Judge considered the therapy records and Netter's third objection is meritless.

Accordingly it is **ORDERED** that Netter's objections are denied and the Report and Recommendation is adopted in its entirety. The Clerk of the Court is directed to take all steps necessary to close the case.

DATED:   Buffalo, N.Y.

    December 19, 2006

                                          */s/ John T. Elfvin*
                                          JOHN T. ELFVIN
                                          S.U.S.D.J.